*W. W. McDOWELL AND WIFE v. CITY OF ASHEVILLE.

*Eminent Domain—Opening Streets—Mandamus to Compel Assessment of Damages.*

1. Where a corporation, having the right of eminent domain, and whose charter imposes the duty of ascertaining, by a prescribed method, the damages or benefits resulting to the owner in case of disagreement, takes and occupies land without having taken any valid legal proceedings to have the damages, etc., assessed, and refuses on the demand of the owner to proceed to have such assessment made, such owner is entitled to a writ of *mandamus* compelling the performance of the duty imposed by the charter.

2. Where the owner of land appealed from a report of a jury appointed by a corporation to assess damages or benefits resulting to his land by opening a street thereon on the ground that no damages were given, and in the appellate court a judgment was entered with the consent of the appellant therein, declaring that the proceedings subsequent to the condemnation of the land, and in reference to the assessment of damages and benefits, were irregular and void, and dismissing the appeal at cost of appellant: *Held*, that the effect of such judgment was to leave the parties in exactly the same position they occupied before the proceedings were instituted, and the owner is not estopped thereby from insisting, in another suit, that the corporation shall be compelled to have damages, etc., assessed.

3. Where a corporation having alone the power to institute proceedings for the assessment of damages and benefits resulting from its exercise of eminent domain, fails and refuses, on demand of the owner, to do so, the owner may treat the corporation as a trespasser and sue in ejectment, if he elect to do so; otherwise the appropriate remedy is by *mandamus* to compel the corporation to assess the damages as provided by its charter.

CIVIL ACTION, heard at March Term, 1893, of BUNCOMBE Superior Court, before *Graves, J.,* who ordered the writ of *mandamus* to issue as prayed for in the complaint, from which judgment the defendant appealed.

---

* AVERY, J., did not sit on the hearing of this appeal.

The facts necessary to an understanding of the decision of the Court are fully stated in the opinion of Chief Justice Shepherd.

*Messrs. Charles A. Moore* and *J. H. Merrimon,* for plaintiffs. *Messrs. Cobb & Merrimon,* for defendant (appellant).

Shepherd, C. J.: Under a provision of its amended charter (sec. 37, chapter 111, Pr. Acts of 1883) the defendant, on the 20th of August, 1887, condemned certain land of the plaintiffs and entered thereon and constructed a street, which it has continuously used ever since. The charter does not give the plaintiffs the right to institute proceedings for the assessment of damages, but, in case of disagreement, it imposes upon the defendant the duty of causing its Marshal to summon six freeholders who shall ascertain such damages as well as any special advantage which may result to the owners by reason of the contemplated improvements. The report of these freeholders, when confirmed by the Aldermen, may be appealed from by the owners, and the appellate court shall have power to increase or diminish the amount of damages, etc., but shall "in no wise adjudicate the necessity of the improvement." It is further provided that no appeal shall hinder or delay the Aldermen in making the proposed improvements, provided the amount of damages assessed by the freeholders be paid into the office of the Clerk of the Court. The freeholders in this case reported that no damage had been sustained by the plaintiffs, and an appeal was taken to the Superior Court. Upon the hearing of the appeal at December Term, 1889, the defendant insisted that all of the proceedings which it had instituted subsequent to the condemnation and taking of the land were void, assigning as one of its reasons that the said freeholders were not summoned for the

purpose of assessing damages and benefits, but simply to
"view and lay off a street." The plaintiffs assented to the
proposition that the proceedings were void and a judgment
was entered declaring the same. The appeal was dismissed
at the cost of the plaintiffs, and from this part only of the
judgment they appealed to this Court. That appeal was
abandoned.

Thus it appears by the defendant's own admission that
it has entered upon and is in the use and occupation of the
plaintiffs' property without having taken any valid legal
proceedings to have the damages, etc., assessed, and,
although the plaintiffs have demanded that the defendant
proceed to have such assessment made, it has refused and
still refuses to do so. The plaintiffs pray that a *mandamus*
issue compelling the defendant to perform the duty so
plainly imposed upon it by its charter, but this is resisted
upon several grounds, which we will now proceed to examine.

It is urged that the plaintiffs are estopped upon the prin-
ciple of *res adjudicata*. We do not think that the principle
applies to the peculiar circumstances attending this case.
It was the duty of the defendant to have instituted proper
proceedings. This it failed to do, and, at its own instance,
a judgment was entered with the consent of the plaintiffs
declaring that the proceedings appealed from were void.
The substance of the judgment was that the defendant had
made no legal attempt to perform its statutory duty, and its
effect was to leave the parties exactly in the same position
they occupied before the proceedings were instituted.

It is therefore the plain duty of the defendant to proceed
according to the provisions of the charter to have the dam-
ages assessed. It is insisted, however, that *mandamus* is not
the proper remedy, inasmuch as the plaintiffs may have
adequate relief at common law. The principle asserted is
well established, but it must be borne in mind that in its

application "the existing legal remedy relied upon as a bar to interference by *mandamus* must not only be an adequate remedy in the general sense of the term, but it must be specific and appropriate to the particular circumstances of the case; that is, it must be such a remedy as affords relief upon the very subject-matter of the controversy." High Extraordinary Remedies, 19.

Now it may be true, as contended by counsel, that the defendant, alone having the power to initiate statutory proceedings and having failed to do so, may be treated as a trespasser and sued in ejectment (Mills Eminent Domain, 89), but it is clear that such a remedy would not be appropriate to the peculiar circumstances of this case. The defendant is still occupying the land as a street, claiming it under the right of eminent domain conferred by its charter, and the plaintiffs evidently prefer that the street should remain, and therefore do not elect to treat the defendant as a trespasser. Such being the case the appropriate remedy is to compel the defendant to assess the damages as provided by its charter. In accordance with this view it has often been held that *mandamus* is a proper remedy in cases of this character. Mr. High (*supra*, 318) says: "The writ has frequently been granted to protect the rights of land owers to compensation for their lands taken in the construction of works of public improvement. And where a railway or other corporation is vested with the right of eminent domain, it may be compelled by *mandamus* to take the necessary steps for summoning a jury to assess damages for the property taken or damaged." To the same effect are Lewis on Eminent Domain, 614; Heard's Short Ex. Rem., 333, and 14 Am. and Eng. Enc., 162, and the numerous cases cited in the notes. These authorities abundantly sustain the position that where the statute does not provide that the owner may institute proceedings the party condemning,

on whom is imposed the duty, may be compelled to do so by *mandamus.*

Being clearly of this opinion, we have deemed it unnecessary to enter into an elaborate discussion of all the authorities presented by the intelligent counsel.          Affirmed.